## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

DONALD FEARS                                                      PETITIONER
ADC #99174

VS.                               5:11CV00027 SWW-JTR

RAY HOBBS, Director,                                             RESPONDENT
Arkansas Department of Correction

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States

District Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I.

Pending before the Court is Respondent's Motion to Transfer or Dismiss this 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus.  (Docket entry #13.) Petitioner has not responded.

Petitioner, Donald G. Fears, was convicted in the Circuit Court of Columbia

County, Arkansas, of delivery of a controlled substance (cocaine), and he was sentenced to 360 months of imprisonment in the Arkansas Department of Correction (ADC). (Docket entries #9-2, #9-3, #9-4.) He currently is incarcerated in Hot Spring County, Arkansas.[1]  Both Columbia County and Hot Spring County are in the Western District of Arkansas. *See* 28 U.S.C. § 83(b).

Petitioner filed nearly identical § 2254 federal habeas petitions in this Court and in the United States District Court for the Western District of Arkansas (El Dorado Division), both challenging his Columbia County conviction. (Docket entries #2, #13-1.[2])  Although the Western District case was filed first, this Court's case progressed faster, resulting in  Respondent's filing of a Response on April 22, 2011. (Docket entry #9.)  Respondent then filed a Motion in the Western District to transfer its case to the Eastern District.  (Docket entry #13-2.)  By Order entered September 14, 2011, the Western District denied Respondent's Motion.  (Docket entry #13-3.) The Court held that, pursuant to 28 U.S.C. § 2241(d), the case should not be transferred to the Eastern District because Petitioner's place of incarceration and the court which convicted him were both in the Western District.

---

[1]Respondent states that Petitioner is assigned to the custody of the ADC's Cummins Unit but is on work-release assignment in Hot Spring County.

[2]*Fears v. Hobbs*, W.D. Ark. No. 1:11-CV-01009-RTD-BAB.

Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the **application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.** The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. (Emphasis added.)

This Court does not have jurisdiction to entertain Petitioner's § 2254 application under § 2241(d).

Furthermore, this § 2254 case should be dismissed, rather than transferred to the Western District. Petitioner initiated the Western District action first. His § 2254 Petitions in both cases are nearly identical. Respondent has now filed a Response in the Western District case, which is substantially similar to the Response filed here. Both actions now contain essentially the same pleadings. As this action is duplicative of the currently-pending Western District action, there would be no benefit in transferring it.

II.

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Transfer or Dismiss (Docket entry #13) be granted in part and denied in part, and that this 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (Docket entry #2) be dismissed without prejudice to the currently-pending § 2254 habeas action in the Western District of Arkansas.  Furthermore, a certificate of appealability should be denied, as there is no showing that jurists of reason would find it debatable whether this Court is correct in its procedural ruling.  *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 17th day of October, 2011.


_____
UNITED STATES MAGISTRATE JUDGE